# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYLINE VISTA EQUITIES, LLC,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>MARGARET AGOH and DOES 1 through 10,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 12-cv-1497-MMA (BGS)<br><br>**ORDER *SUA SPONTE* REMANDING ACTION TO STATE COURT;**<br><br>**DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT**<br><br>[Doc. No. 2] |

On June 19, 2012, Defendant Margaret Agoh filed a notice of removal from the State of California, Superior Court for the County of San Diego. [Doc. No. 1.] The state court complaint alleges a claim against Defendant for unlawful detainer. Having reviewed Defendant's notice of removal, the Court finds it does not have subject matter jurisdiction over this action and the removal is procedurally defective. The Court therefore **REMANDS** this action to San Diego County Superior Court.

## DISCUSSION

The federal court is one of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S. Ct. 1326, 89 L. Ed. 2d 501 (1986). It is constitutionally required to raise issues related to federal subject matter

jurisdiction, and may do so sua sponte. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq.* A state court action can only be removed if it could have originally been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10-1 (1983). A federal court has jurisdiction over an action involving citizens of different states if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Whether federal jurisdiction exists is governed by the well-pleaded complaint rule. *Caterpillar*, 482 U.S. at 392. The well-pleaded complaint rule is a "powerful doctrine [that] severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court . . ." *Franchise Tax Bd.*, 463 U.S. at 9-10. Under this rule, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Id.*; *accord Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).

Defendant does not satisfy her burden of establishing removal jurisdiction. *Lowdermilk*, 479 F.3d at 997; *see Abrego Abrego*, 443 F.3d at 682-83 (the removing defendant has "'always' borne the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement") (quoting *Gaus*, 980 F.2d at 566) ("Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement"). First, Defendant does not indicate a proper basis for federal question jurisdiction. The state court complaint does not allege

any claim "arising under" federal law.  Rather, Plaintiff's complaint alleges a single cause of action for unlawful detainer – a claim that arises exclusively under state law.  The notice of removal states that Defendant is a party in a class action lawsuit against "Predator third party Mortgage Investors currently filed in Article 3 court in Washington D.C." and a party to a class action lawsuit "filed with the Better Business Bureau for unethical outrageous business practice, Misrepresentation and failure to give full disclosure of Contract pursuant to Fair Debt Collectors Act/Regulations Z, Truth in Lending Act."  [Notice of Removal, Doc. No. 1, p. 2.]

Under the well-pleaded complaint rule, the federal question must be presented on the face of the plaintiff's properly pleaded complaint and a defendant's federal claims or defenses may not serve as a basis for removal.  *Franchise Tax Bd.*, 463 U.S. at 9-10; *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985); *Le v. Young Champions Recreation Programs*, 2008 U.S. Dist. LEXIS 36074, at *3-4 (C.D. Cal. Apr. 30, 2008) ("[R]emoval cannot be based on a counterclaim, cross-claim or third party claim raising a federal question; to hold otherwise would allow defendants to determine the removeability of a case.").  Thus, Defendant's potential counterclaims against Plaintiff or the pendency of other lawsuits against third-party Defendants does not confer federal question jurisdiction on this unlawful detainer action.

Second, Defendant does not indicate a basis for diversity jurisdiction.  The amount in controversy is determined at the time of removal and is to be decided based on the allegations in the operative pleading.  *Lowdermilk*, 479 F.3d at 994.  In deciding the issue, the court treats claims for statutory damages by considering only those damages actually recoverable under the facts alleged.  *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404-05 (9th Cir. 1996).  Plaintiff's complaint states that the amount demanded does not exceed $10,000 which is clearly under the $75,000 amount in controversy requirement.  Moreover, Defendant does not provide any statement concerning her citizenship or that of Plaintiff.  As a result, diversity jurisdiction has not been established.  Defendant has not shown that the state court action could have originally been brought in federal court; therefore, the Court must remand this action.

/ / /

/ / /

## CONCLUSION

Having carefully reviewed the notice of removal and the accompanying documents, the Court concludes that it does not have subject matter jurisdiction over this action. Accordingly, the above captioned case is **REMANDED** to the Superior Court for the County of San Diego. The Clerk of Court is instructed to return the case to the state court forthwith and to close this action. The motion to proceed in forma pauperis is **DENIED AS MOOT**.

DATED: June 26, 2012

*/s/ Michael M. Anello*
Hon. Michael M. Anello
United States District Judge